UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| DEVIN D. BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.:  3:20-CV-9-TAV-HBG |
| | ) | |
| ANDERSON COUNTY, TN, | ) | |
| SOUTHERN HEALTH PARTNERS, | ) | |
| STATE OF TENNESSEE, | ) | |
| SHERIFF BARKER, | ) | |
| CHIEF PARKER, | ) | |
| CAPTAIN VOWELL, | ) | |
| LT. FENTON, | ) | |
| SGT. HARTSFIELD, | ) | |
| CORPORAL ROBERTS, | ) | |
| DEPUTY ALLEN, | ) | |
| NURSE MATTHEWS, and | ) | |
| NURSE HUDSON, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>MEMORANDUM OPINION</u>**

This pro se prisoner's amended complaint for violation of 42 U.S.C. 1983 is before

the Court for screening pursuant to the Prison Litigation Reform Act ("PLRA") [Doc. 7].

**I.      Background**

This § 1983 action was initiated as a multi-plaintiff lawsuit [Doc. 1].  On January 7,

2020, the Court severed the multi-plaintiff action and opened the instant civil action

[Doc. 5 p. 2].  The Court ordered Plaintiff to complete a § 1983 form and return it to the

Court within fourteen (14) days [*Id.*].

On January 13, 2020, the Court received Plaintiff's amended complaint, which alleges that on June 17, 2019, Plaintiff, while housed at the Anderson County Detention Facility ("ACDF"), requested medical treatment for a shoulder injury and received no treatment [Doc. 7 p. 4]. He contends that he filed a grievance regarding the lack of treatment on July 1, 2019, but that he still was not provided treatment [*Id*.].

## II.     Screening Standards

Under the PLRA, district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim on which relief may be granted, or are against a defendant who is immune. 28 U.S.C. §§ 1915(e)(2)(B), 1915A; *see Benson v. O'Brian*, 179 F.3d 1014, 15–16 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) ("Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

## III. Analysis

A prison authority's deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Negligence is insufficient to establish liability; deliberate indifference requires a mental state amounting to criminal recklessness. *Santiago v. Ringle*, 734 F.3d 585, 591 (6th Cir. 2013) (citing *Farmer v. Brennan*, 511 U.S. 825, 839–40 (1994)). Under this standard, a State actor is not liable under § 1983 unless the plaintiff alleges facts which, if true, would demonstrate that the prison official (1) knew that the inmate faced a substantial risk of serious harm; and (2) disregarded that risk by failing to take reasonable measures to abate it. *Farmer*, 511 U.S. at 847.

In this case, Plaintiff alleges only that he requested medical care for an unspecified shoulder injury and received no "treatment" [Doc. 7 p. 4]. He does not allege that his medical need was serious, nor does he allege that it was ignored outright, such that he did not receive any sort of evaluation or examination by medical personnel [*See id.*]. Rather, Plaintiff alleges only that he did not receive some treatment that he believed necessary.

However, a prisoner's subjective belief that he should receive treatment that medical professionals have not provided, without more, does not state a § 1983 claim for relief. *See Estelle*, 429 U.S. at 107 ("The question of whether . . . treatment is indicated is a classic example of a matter for medical judgment.")

Assuming, *arguendo*, that Plaintiff's allegations were sufficient for the Court to infer that he was denied constitutionally adequate medical treatment, the Court nonetheless determines that Plaintiff has failed to identify a legally responsible party. Plaintiff seeks to hold the following entities responsible for the harm alleged in the instant complaint: Anderson County, Tennessee; Southern Health Partners (the detention facility's contract medical provider); and the State of Tennessee. However, there is no basis in the complaint to infer that Plaintiff was denied medical treatment pursuant to any policy or custom of the County or its contract medical provider, and therefore, he cannot sustain a claim against these Defendants. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978) (holding local governments can be sued under § 1983 for constitutional deprivations made pursuant to custom or policy); *Miller v. Sanilac*, 606 F.3d 240, 254–55 (6th Cir. 2010) (holding plaintiff must show that a "policy or custom of company was the 'moving force' behind the alleged deprivation of the plaintiff's rights" to prevail in a § 1983 action (quoting *Powers v. Hamilton Cty. Pub. Def. Comm'n*, 501 F.3d 592, 606–07 (6th Cir. 2007))). Additionally, the Eleventh Amendment to the United States Constitution bars Plaintiff's claims for damages against the State of Tennessee. *See Pennhurst State Sch. &*

*Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Quern v. Jordan*, 440 U.S. 332, 337–45 (1979); *Berndt v. Tennessee*, 796 F.2d 879, 881 (6th Cir. 1986) (noting that Tennessee has not waived immunity to suits under § 1983). Therefore, Plaintiff has failed to state a claim against these Defendants, and they will be **DISMISSED**.

Furthermore, the Court finds that Plaintiff has failed to allege facts from which the Court could infer that any individual Defendant was personally involved in any alleged violation of § 1983, and therefore, he may not sustain a claim against the individual Defendants. *See West v. Atkins*, 487 U.S. 42, 50 (1982) (holding each defendant can only be held liable for his own actions or failure to act while exercising his responsibilities under the law); *Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) ("Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under § 1983."); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted). Therefore, the individually named Defendants will be **DISMISSED**.

## IV.    CONCLUSION

For the reasons set forth above, Plaintiff's complaint fails to state a claim upon which relief may be granted under § 1983. Accordingly, this action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

**ENTER:**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE